CENTREVILLE BUILDING AND LOAN ASSOCIATION, appellant,

*v.*

BETSY GOLLIN and MAX GOLLIN, respondents, and ANSON REALTY COMPANY et al., defendants.

———

CENTREVILLE BUILDING AND LOAN ASSOCIATION, appellant,

*v.*

BETSY GOLLIN and MAX GOLLIN, respondents, and ANSON REALTY COMPANY et al., defendants.

[Argued October 26th, 1934.  Decided January 10th, 1935.]

*Messrs. Brenner & Kresch,* for the appellant.

*Messrs. Hirschberg & Nashel (Mr. Louis Rubenstein,* of counsel), for the respondent.

The opinion of the court was delivered by

LLOYD, J.

Mortgages were executed by the Anson Realty Company to the building and loan association. Defaults occurring, suits in foreclosure were instituted. No defense was filed by the Anson Realty Company and decrees *pro confesso* were taken.

On the filing of the bills the Gollins, husband and wife, were permitted to intervene and file answers, and to counter-claim to the effect that they were the equitable owners of the mortgaged properties, and that the building and loan association was legally charged with knowledge of this fact before granting the mortgages sued on.

To get the status of the cases clear the title history is important. The properties were numbers 772 avenue C in Bayonne, mortgaged to complainant for $14,000, and 501 Boulevard, Bayonne, mortgaged to complainant for $6,600, and were formerly owned by Mrs. Gollin. Title subsequently passed to the Annett Mahnken Realty Company, and in March, 1928, that company executed a deed for both properties to the Anson Realty Company, the latter company thereafter executing the mortgages sued on. The title of the Annett company is said in the answer and counter-claim of the Gollins to have been derived first from the Gollins by a deed in 1924, that company executing a declaration of trust, by

virtue of which it was obligated to pay certain indebtednesses and to hold the title thereafter for the benefit of the Gollins; second, title by foreclosure of mortgages made by the Gollins and assigned to the Annett company, such title said to be subject to the trust above referred to.

An examination of the state of the case fails to disclose any evidence of the existence of a deed from the Gollins to the Annett company or of a declaration of trust by the latter in favor of the former. It is true the vice-chancellor, in his opinion, refers to an earlier case heard by him between the Gollins and the Annett company, reported in *Annett Mahnken Realty Co.* v. *Gollin, 110 N. J. Eq. 469,* and utilizes the conclusions he there reached to establish the facts so alleged, but they were not available for such purpose. Even if such a method of introducing evidence could be countenanced (which it cannot) the case was between other parties and could not bind those involved in the present case in that suit; it was not begun until long after the mortgages in the present case were created, and, therefore, could not be considered even for the purpose of charging complainant with notice of a claim of title in the Gollins.

Other than the above the case is devoid of proof of any interest of the Gollins in the properties except the mere statement of Mrs. Gollin that she claimed to have an interest. What that interest might be or how obtained is not set out. When counsel for defendants, realizing the insufficiency of the proofs to show respondents' interest, attempted to get the record of the earlier case in evidence it was rejected, and properly so, because between other parties.

Passing this difficulty and assuming that the proofs thus omitted could be legally supplied in a rehearing, our examination of the record fails to disclose anything in the proofs charging the building and loan association with notice of any interest in the Gollins.

It is claimed that on accepting the application of the Anson company for the loans the building and loan association would, if proper care and diligence had been used in the selection of its agent to examine the title, and if such agent

had used reasonable care and diligence in the performance of his duties, have discovered the claim of the Gollins. We find no evidence to support either of these contentions.

The person selected to examine the title for the building association was Horace K. Roberson, a member of the law firm of Roberson & Roberson. Horace Roberson, the other member of this firm, had acted both personally with and professionally for the Gollins, and it is claimed that the complainant should not have selected Horace K. Roberson, who had previously acted for it, as its examining agent. The association knew nothing of Horace Roberson's relations with the Gollins. Indeed Horace K. Roberson testified that even he knew nothing of those relations. How then could it be said that the complainant in making the selection acted negligently. Mr. Roberson was and is a reputable member of the bar, had theretofore acted as counsel for the complainant, and there was nothing to suggest to the association that as its agent he should not have been entrusted with the work in hand. But quite apart from this, as we shall see, there was no neglect in Roberson in the performance of his service, and the question of his selection becomes unimportant.

It is said that the attorney who made the search of the properties when the mortgages were prepared, by proper diligence, would have discovered the Gollins' interest in the properties, and to reach this result it is contended that he should have taken notice of two *lis pendens* that had been filed in a suit between the respondents here and the Annett company. This he was not obliged to do for the reason that one of the *lis pendens* filed fell with the dismissal of the case on which the *lis pendens* was predicated, and the other was without pending litigation to support it. The *Lis Pendens* act contemplates a pending litigation, inasmuch as it must set forth the pendency of the suit and the title and general object of the same. *3 Comp. Stat. p. 3175.*

Here again, however, the record is devoid of proof. The *lis pendens* are not printed in the state of the case, and so far as appears, not offered in evidence. For these reasons neither was properly before the court, neither was legal notice

to the complainant of its existence, and it is not claimed that there was actual notice. There was therefore no negligence in the failure of the examining attorney to take cognizance of these records.

It is next said that the examining attorney had personal knowledge, acquired by an entirely different relation, of the existence of the Gollin claim, and that this knowledge was imputed to the complainant.

It is sufficient to say that knowledge so acquired is not to be so imputed. It was early settled in this court in the case of *Sooy* v. *State, 41 N. J. Law 394,* that "notice must come to the agent while he is concerned for the principal, and in the course of the same transaction, and if he have notice only by some other transaction, foreign to the business in hand, this will not affect the principal." This rule, founded in justice and fair dealings, has been uniformly followed. *Boice* v. *Conover, 71 N. J. Eq. 269; Vulcan Detinning Co.* v. *American Can Co., 72 N. J. Eq. 387; Bridgeton National Bank* v. *Hepner, 104 N. J. Law 7.*

It is not even claimed that any knowledge of a claim of interest by the Gollins possessed by the examining attorney was acquired in the course of his employment for the complainant in investigating the title to the two properties, and it may be added that even such knowledge was in part denied by him.

In this case there was nothing on record or in the facts to apprise the mortgagee of the existence of any claim of interest by the Gollins. On the faith of the bond and mortgages it loaned the large sums represented therein, using of the $14,000 loaned on 772 Avenue C all but $2,051.06 to extinguish valid mortgages, taxes and other liens theretofore existing on the properties.

From the foregoing recital it follows that the decree in favor of the respondents was without valid support in the evidence in that there was no proof of interest by the Gollins in the properties; no proof that any reasonable investigation of the records by counsel for the building and loan association would disclose such interest if it existed; and the

private knowledge, if any, possessed by complainant's investigator, acquired prior to the investigation for the complainant and wholly apart therefrom, not being chargeable to the principal.

The decree is reversed with direction to dismiss the counter-claim.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, JJ. 12.